UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON THOMPSON,
   Plaintiff,

vs.                                 No. 10-1173

MICHAEL LEMKE, et. al,
   Defendants

## MERIT REVIEW ORDER

     This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

     The pro se plaintiff, a state prisoner, filed his complaint pursuant to 42 U.S.C.§1983 against four defendants at Pontiac Correctional Center including Assistant Warden Michael Lemke, Illinois Department of Corrections Director Michael Randle, Governor Patrick Quinn and Warden Guy Pierce.

     The plaintiff says for the last two years he has been forced to consume water that is unfit to drink. The plaintiff says the water is dirty, brown and yellow and he has several medical problems as a result. For the purposes of notice pleading, the plaintiff has stated a violation of his Eighth Amendment rights.

     The plaintiff says he has complained to the Wardens and the Director of the Illinois Department of Corrections, but they refuse to do anything about the water. The plaintiff has failed to state how the Governor of Illinois is liable for his claims. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates.

     The plaintiff has failed to allege that the Governor had any direct involvement in his claims and it seems highly improbable that the Governor of the State of Illinois would have direct contact with an individual prisoner's complaint. Therefore, the court will dismiss Governor Quinn. The plaintiff must clarify the specific involvement of the other named

1

defendants during the discovery process.

**IT IS THEREFORE ORDERED:**

1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Lemke, Randle, and Pierce violated the plaintiff's Eighth Amendment rights when he was provided water that was unfit to drink which resulted in health problems.

2)  All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk is directed to dismiss Defendant Governor Patrick Quinn for failure to state a claim upon which relief could be granted.  28 U.S.C.§1915A

3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

  Entered this 15th Day of June, 2010.


       /s/Harold A. Baker

    _____
      HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE